UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.              )<br>)<br>FERNANDO FROMETA, )<br>)<br>Defendant  )<br>) | Criminal No. 04-10050-NG |

### DEFENDANT'S RESPONSE TO GOVERNMENT'S
### NOTICE OF PRIOR CONVICTION

Defendant Fernando Frometa hereby responds, pursuant to 21 U.S.C. §851(c), to the Information filed by the Government in this case on March 13, 2004 alleging that Frometa was previously convicted of a prior felony drug offense, thus exposing him to the prospect of significantly increased punishment.

The offense of conviction cited by the Government in its Information, namely a drug possession charge dated November 24, 2000 from Rockingham, New Hampshire, was actually a misdemeanor offense that may not be used to enhance Frometa's sentence in this case.

Frometa does have another prior drug "possession" conviction on his record dated December 19, 2001, also from Rockingham, New Hampshire. This prior conviction also may not be used to enhance his sentence here, however, since it was obtained in violation of Frometa's constitutional rights and should therefore be declared invalid within the meaning of Section 851(c). In support of this contention, Frometa states as follows:

1. Frometa, who was 19 years old at the time, was the victim of an illegal motor vehicle stop by officers of the Derry (New Hampshire) Police Department. Police fabricated a reason

for pulling over Frometa's vehicle on Fairway Drive in Derry on the evening of February 24, 2001. Once he was pulled over, the officer (K. Jackson) approached Frometa and asked whether he knew why he had been stopped. Frometa responded that he had "no idea." The officer stated that Frometa had taken a left (into a parking lot) against a posted sign. Frometa responded that he was simply following a friend's vehicle and did not see the sign. The police report notes that another vehicle took the same turn, but was not stopped by police.

2. Once stopped for an alleged traffic infraction, police took a series of actions against Frometa that were not based on probable cause or justified in the circumstances. The officer claimed to smell an odor of alcoholic beverages coming from Frometa's vehicle and asked him whether he had been drinking, which Frometa denied. The officer then asked Frometa whether he was "Jason Frometa," another person who apparently was wanted by the police. Frometa explained that he was "Fernando" Frometa, and produced a license and registration that confirmed his identity and established that he was the registered owner of the vehicle. The officer claimed not to believe Frometa and called back-up units to the scene.

3. After other officers arrived, Frometa was asked to exit the vehicle for a sobriety test. Frometa passed the tests that were administered. Police then asked whether they could search his person. He agreed and was subjected to a search of his body and clothing; no illegal items or substances were found.

4. Police then began searching Frometa's vehicle without his consent and over his stated objection. Police lacked sufficient reason or probable cause to search the vehicle. In

2

police reports filed later, officers claim that Frometa consented to the search of his car. These statements are false. During the illegal search, police found a small amount of cocaine and marijuana, both of personal use quantity. Notably, despite claiming to have smelled an odor of alcohol from inside the vehicle, no alcoholic beverages or containers were found in Frometa's car. Frometa was then placed under arrest and his vehicle was impounded. Subsequent laboratory analysis determined that less than two grams of cocaine, and two-tenths of a gram of marijuana, had been seized from inside Frometa's automobile.

5. Frometa was held in custody for two nights before he was released on a cash bond the following Monday morning, February 27, 2001.

6. Frometa thereafter retained counsel, Attorney Mark Rumley, to defend him on this case. Attorney Rumley advised him at various points that if were willing to cooperate and set-up his drug supplier, that the prosecutor would agree to drop the charges against him. Frometa was disinclined to pursue this option, largely because he was scared. Attorney Rumley advised Frometa that the case against him was strong, and that if went to trial and was convicted he would be facing a prison term of 3 ½ to 7 years. Attorney Rumley conducted no pretrial investigation, filed no pretrial motions (nor discussed the possibility of the same with Frometa), and made no effort to challenge the evidence obtained by the Derry Police Department.

7. On the day of trial, Attorney Rumley advised Frometa that the prosecutor was offering a "sweetheart deal" and strongly advised him to plead guilty to the charges against him. The so-called deal was that Frometa would serve only two additional days in custody, be

placed on probation for a year, perform 50 hours of community service while on probation, pay a fine of $500 and a statutory assessment of $250. Given that he was young, inexperienced with the criminal justice system, and frightened by the prospect of a lengthy incarceration, Frometa agreed to plead guilty and did so December 18, 2001. Frometa was actually placed on probation for two years, not one, and was given some additional terms of sentence that he had not anticipated and that had not been fully explained to him by his counsel. He was also not fully advised of the potential collateral consequences of a guilty plea to a felony charge, including that which he now faces in the instant federal proceeding. The representation provided to Frometa in this New Hampshire proceeding was deficient and constitutionally ineffective.

8. Unbeknownst to Frometa at the time, his attorney was experiencing serious mental health issues during the same time period in which he was representing Frometa in this criminal case. Tragically, several months after Frometa plead guilty, Attorney Mark Rumley committed suicide.[1]

9. For all these reasons, Frometa's only prior felony drug "possession" conviction, which would be a misdemeanor under the laws of the Commonwealth of Massachusetts, should be deemed constitutionally infirm and should not be used to expose Frometa to increased punishment in this case.

---

1. According to published reports, Attorney Rumley's body was found inside his car in Hopkington, NH. Cause of death was a gunshot wound to the head. He was 39 years old. He left behind a wife and five children.

                                        Respectfully submitted,

                                        FERNANDO FROMETA

                                        By his attorneys,

                                        /s/ Paul V. Kelly
                                        Paul V. Kelly
                                        R. Matthew Rickman
                                        Kelly, Libby & Hoopes, P.C.
                                        175 Federal Street
                                        Boston, MA 02110
                                        617-338-9300

Dated: December 17, 2004