```
 1                UNITED STATES DISTRICT COURT
 2               FOR THE DISTRICT OF MASSACHUSETTS
 3
 4
 5    UNITED STATES          )    CR. NO. 04-10050-NG
 6    VS.                    )    COURTROOM NO. 2
 7    FERNANDO FROMETA       )    1 COURTHOUSE WAY
 8                                BOSTON, MA  02210
 9
10
11              FINDINGS OF FACT AND SENTENCING
12                     OCTOBER 17, 2005
13                        3:19 P.M.
14
15
16
17
18         BEFORE THE HONORABLE NANCY GERTNER
19         UNITED STATES DISTRICT COURT JUDGE
20
21
22
23
24                    VALERIE A. O'HARA
25                 OFFICIAL COURT REPORTER
```

```
 1   A P P E A R A N C E S:

 2       United States Attorney's Office, by PETER K. LEVITT,
     ASSISTANT UNITED STATES ATTORNEY, One Courthouse Way,
 3   Suite 9200, Boston, Massachusetts, for the United States;

 4       Kelly, Libby & Hoopes, P.C., by PAUL V. KELLY, ESQ. and
     R. MATTHEW RICKMAN, ESQ., 175 Federal Street, Boston,
 5   Massachusetts  02110; for the Defendant.

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    THE COURT:  One of the things being on the bench
2    entitles you is the long view, which is to enable you to see
3    defendants from one day to the next and to compare people.
4    That's what I thought was part of the job, to compare
5    people, this one is doing better than this one, this one has
6    hopes and dreams and this one doesn't, this one is
7    cooperating because he just needs to get out, going to try
8    to manipulate his way out of anything, this one is
9    cooperating because he genuinely realized he has made a
10   mistake.  And it's rare to find someone who is cooperating
11   because of that as opposed to another business calculation,
12   that it's better to cooperate than not.
13       I hear from you and I hear from everyone here, and
14   the record certainly supports that real genuine sense of
15   having walked up to the edge of a cliff which you have to
16   walk back from now and where your cooperation is part of
17   that walking back process, so I hear what you're saying, I
18   see your family in court, I've read the materials, and I'll
19   accept your counsel's recommendation to a 30-month sentence.
20       That means that I accept all the calculations in
21   the presentence report.  I'm entitled under the law to
22   sentence below the mandatory minimum because of your
23   substantial assistance.  There is an agreed upon
24   recommendation with that as the range, and since I'm within
25   the range, I'll accept, since I'm within the range specified

1   in your plea agreement, then I'm following the terms of your
2   plea, and I will choose the 30 months for the reasons I've
3   just described here.  This is also a case in which you are
4   in the mandatory minimum just barely, so it seems to me that
5   this is not only an appropriate sentence for all of the
6   reasons that counsel described but also it seems like a fair
7   sentence regardless of the guidelines.
8           Mr. Frometa, will you please stand.  I'm going to
9   sentence you to a term of 30 months imprisonment.  Is the
10  500-hour residential program impossible under these
11  circumstances?
12          PROBATION OFFICER:  Yes, it is, your Honor.  The
13  problem, he's been in for almost 20 months, so with a
14  30-month sentence, so with good time, he's only going to
15  serve 24 months which leaves four months left which
16  essentially eliminates that.
17          THE COURT:  Okay.  Then I will not even bother to
18  make a judicial recommendation, what I'm going to do then is
19  essentially what we're talking about is that if your
20  sentence was longer, you'd qualify for perhaps what is the
21  best program that the Department of the Bureau of Prisons
22  has which is this residential drug abuse program, but
23  probation can do that on the other end, which is that on
24  release you can, if you think that Mr. Frometa needs
25  inpatient treatment, you can address that, if you think he

1   needs outpatient, you can address that.  We'll do it at the
2   other end on the theory that this is somebody who seems to
3   be well on his way.
4           Upon your release from imprisonment, you're placed
5   on supervised release for eight years.  Is that necessary
6   under the circumstances?
7           PROBATION OFFICER:  No, I was going to say the
8   3553 and 5K essentially allows you to go below that as
9   well.
10          THE COURT:  What would be your recommendation?
11          PROBATION OFFICER:  Can I have one second, your
12  Honor?
13          THE COURT:  Sure.
14          PROBATION OFFICER:  We think three years would be
15  appropriate, your Honor.
16          THE COURT:  Okay.  I'll accept that as well.
17  Three years of supervised release so that means three years
18  to take advantage of the federal facilities, in other words,
19  the counseling that they'll offer.  I can't tell you, I mean
20  know this office very well, I can't tell you how important
21  that is because you'll never have another time in your life
22  where you'll have people to call that are there to help you
23  and to figure out how to get you on the right track, so
24  supervised release, once you're released from this term,
25  you'll be on supervised release for three years.  When

1  you're released from custody of the Bureau of Prisons,
2  you're to report to whatever district to which you've been
3  released, no fine.  While on supervised release, you're not
4  to commit another federal, state or local crime.  You
5  understand the significance of that?
6          THE DEFENDANT:  Yes, I do, your Honor.
7          THE COURT:  Given how close you came now, another
8  crime will send you away for a long time.  Your cooperation
9  here works in this case, it doesn't carry through in every
10 subsequent case, and you come to Court again, if you get in
11 trouble having been a felon under federal law, having been
12 determined to be a felon under federal law and having walked
13 away from a potential of a 120-month sentence, so you don't
14 have any wiggle room to get in trouble anymore, even if that
15 was your inclination, you don't have any wiggle room.
16         You're to refrain from any unlawful use of a
17 controlled sentence, drug tests within 15 days of your
18 release from imprisonment and two periodic drug tests
19 thereafter not to exceed 140 tests per year.  You are
20 required to submit to a collection of a DNA sample.  There
21 are standard conditions which will be explained to you.  In
22 addition, you're prohibited from possessing a firearm or
23 other dangerous weapon.  You're not to consume any alcoholic
24 beverages, you're to participate in substance abuse
25 counseling as probation may direct.  You may be required to

1    contribute to those services based on your ability to pay or
2    third party payments.
3           You're to participant in a mental health program
4    as required by probation and also may contribute.  Again,
5    probation makes a recommendation based on how you're doing.
6    This is not written in stone, but it's something that's made
7    available to you.  Once they make a recommendation though
8    you have to follow it, and the failure to follow it becomes
9    a violation of probation which then leads to another, which
10   can lead to an extension of your time in prison.
11          You've already seen how these violations have a
12   ripple effect, you know, like a rock in water.  You violate
13   probation here, supervised release here, it then has an
14   implication in New Hampshire, it has a ripple effect across
15   whatever terms of probation you're under at that point.
16   Everybody said, oh, he's doing it again, and you can wind up
17   with additional time anyway.  Then you have to pay a special
18   assessment of $200 which is due immediately.  You have a
19   right to appeal.  Your lawyer will let you know what that
20   consists of.
21
22                            - - - -
23
24
25

```
 1
 2
 3   UNITED STATES DISTRICT COURT )
 4   DISTRICT OF MASSACHUSETTS    )
 5   CITY OF BOSTON               )
 6
 7         I, Valerie A. O'Hara, Registered Professional
 8   Reporter, do hereby certify that the foregoing transcript
 9   was recorded by me stenographically at the time and place
10   aforesaid in No. 04-10050-NG, In Re:  United States vs.
11   Fernando Frometa and thereafter by me reduced to typewriting
12   and is a true and accurate record of the proceedings.
13         In witness whereof, I have hereunto set my hand
14   this _____ day of _____, 2005.
15
16
17
18                            _____
19                            VALERIE A. O'HARA
20                            REGISTERED PROFESSIONAL REPORTER
21
22
23
24
25
```